UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
MATTHEW CULHANE,                                      :
                                                     :           No. 20-cv-00054
                        Plaintiff,                   :
                                                     :
            -against-                                :       **NOTICE OF REMOVAL**
                                                     :
SAFEWAY CONSTRUCTION ENTERPRISES,                    :
LLC, SAFEWAY CONSTRUCTION, INC.,                     :
PRIMELINE UTILITY SERVICES COMPANY,                  :
STEVE CESTARO, and RAYMOND CESTARO,                  :
                                                     :
                        Defendants.                  :
                                                     :
------------------------------------------------------------- x

     Pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Defendants Safeway Construction

Enterprises, LLC, Steve Cestaro, and Raymond Cestaro (collectively, "Defendants"), by and

through their attorneys, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., file this Notice of

Removal with respect to the case identified as *Matthew Culhane v. Safeway Construction*

*Enterprises, LLC, Safeway Construction, Inc., Primeline Utility Services Company, Steve Cestaro,*

*and Raymond Cestaro*, Index No. 719515/2019, from the Supreme Court of the State of New York,

County of Queens.  In support of this Notice, Defendants state as follows:

**TIMELINESS OF REMOVAL**

     1.     On or about November 18, 2019, Plaintiff Matthew Culhane ("Culhane" or

"Plaintiff") (collectively with Defendants, the "Parties") filed a Complaint (the "Complaint") with

the Clerk of the Supreme Court of the State of New York, County of Queens, alleging violations

under the Fair Labor Standards Act of 1938, as amended (29 U.S.C. §§ 201, *et seq*.) (the "FLSA")

for failure to pay overtime wages; violation of New York Labor Law (the "NYLL") § 215 and §

740 for unlawful retaliation, and various state law claims. A true and correct copy of the Summons

and Complaint is annexed hereto as Exhibit A.  No additional process, pleadings, or orders have been served upon Defendants.

2.      On or around December 18, 2019, the Parties entered into a Stipulation of Service whereby the Defendants accepted service of the Complaint as of December 4, 2019.  A true and correct copy of the Stipulation of Service is annexed hereto as Exhibit B.

3.      This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) because such notice is filed within thirty (30) days after first notice by Defendants of Plaintiff's state court action.

## BASIS FOR REMOVAL: FEDERAL QUESTION

4.      28 U.S.C. § 1331 gives federal district courts "original jurisdiction of all civil actions arising under the . . . laws . . . of the United States."  28 U.S.C. § 1331.  This Court has original jurisdiction, as defined by 28 U.S.C. § 1331, over this civil action pursuant to the FLSA, 29 U.S.C. § 216(b) ("An action to recover the liability [under the FLSA] may be maintained against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees.").

5.      This Court also has jurisdiction over all of the remaining, related state law claims asserted in Plaintiff's Complaint pursuant to 28 U.S.C. §§ 1367(a) and 1441(c) and general principles of supplemental jurisdiction. *Herrick Co., Inc. v. SCS Communications, Inc.*, 251 F.3d 315, 326 (2d Cir. 2001) ("[A]s a general matter, § 1367 expands supplemental jurisdiction to all claims and all parties that are part of the same constitutional case over which there exists independent federal jurisdiction"); *Rothberg v. Chloe Foods Corp.*, CV-06-5712 (CPS) (E.D.N.Y. Jul. 24, 2007) (holding federal question jurisdiction conferred through Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. §§ 1961, *et seq.*) ("RICO") claims was sufficient to confer supplemental jurisdiction over non-RICO fraud claims brought pursuant to state law).

2

6.      Accordingly, this case is a civil action founded on a claim or right arising under the laws of the United States over which this Court has original jurisdiction, and is therefore one which may be removed from the Supreme Court of the State of New York, County of Queens, pursuant to 28 U.S.C. § 1441(c).

7.      Defendants will serve copies of this Notice of Removal upon Plaintiff and file a copy with the Clerk of the Supreme Court of the State of New York, County of Queens, to effect removal of this action to the United States District Court pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, Defendants respectfully request that this Honorable Court take jurisdiction of this action and issue all necessary orders and process to remove said action from the Supreme Court of New York, County of Queens, to the United States District Court for the Eastern District of New York.

Dated:  New York, New York
        January 3, 2020                          Respectfully submitted,

                                                 OGLETREE, DEAKINS, NASH,
                                                  SMOAK & STEWART, P.C.

                                                 By:  *s/ Evan B. Citron*
                                                     Evan B. Citron
                                                     Erik D. Mass
                                                 599 Lexington Avenue, 17th Floor
                                                 New York, NY 10022
                                                 Telephone:  212.492.2500
                                                 Facsimile:  212.492.2501
                                                 evan.citron@ogletree.com
                                                 erik.mass@ogletree.com

                                                 *Attorneys for Defendants*
                                                 *Safeway Construction Enterprises, LLC,*
                                                 *Steve Cestaro, and Raymond Cestaro*

## CERTIFICATE OF SERVICE

I, Evan B. Citron, hereby certify that on January 3, 2020, I caused the within Notice of Removal to be submitted electronically to the Clerk of the Court for the United States District Court for the Eastern District of New York, and a copy of the within pleading and attachment to be served via Federal Express upon:

Justin R. Marino, Esq.
Stevenson Marino LLP
75 Maiden Lane, Suite 402
New York, New York 10038
212.939.7228
jmarino@stevensonmarino.com
*Attorney for Plaintiff*

*s/ Evan B. Citron*
Evan B. Citron

41276842.1

4